PEOPLE v. WINEGAR.

CRIMINAL LAW—PLEA OF GUILTY.
    Denial of defendant's motion for new trial urging that his plea
        of guilty be set aside and sentence vacated because defendant
        had not been informed of the nature of the accusation against
        him at the time his plea was accepted *held*, correct where
        the record shows court rule requiring court to inform accused
        of the nature of the accusation and consequence of his plea
        as interpreted by the Supreme Court had been complied with
        (Court Rule No 35A [2] [1945]).

Appeal from Jackson, Dalton (John C.), J. Submitted Division 2 December 5, 1967, at Lansing. (Docket No. 2,486.) Decided August 30, 1968. Leave to appeal denied February 10, 1969. 381 Mich 799.

William Winegar was convicted, upon his plea of guilty, of kidnapping. Defendant appeals.
    Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Bruce A. Barton*, Prosecuting Attorney, and *Vincent F. Stapley*, Assistant Prosecuting Attorney, for the people.

*Raymond V. Arnold*, for defendant.

PER CURIAM. On January 25, 1962, defendant was convicted, upon a plea of guilty, of 2 counts of

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 324 *et seq.*

kidnapping (CL 1948, § 750.349 [Stat Ann 1954 Rev § 28.581]) and was sentenced to a prison term of. 20 to 30 years on each count.  He filed a motion for a new trial urging that his plea of guilty be set aside and the sentence vacated.  From a denial of his motion defendant appeals.

Defendant asserts that the court below erred in denying his motion because at the time his plea was accepted he had not been informed of the nature of the accusation against him (as required by the then applicable section 2 of Court Rule 35A [1945] and that his plea was not freely, understandingly and voluntarily made.

As the provisions of this court rule were interpreted in *People* v. *Winegar* (1968), 380 Mich 719, and *People* v. *Stearns* (1968), 380 Mich 704, we find compliance therewith from our examination of the record.

We find no error in denying defendant's motion to set aside his conviction and with his plea.

Affirmed.

QUINN, P. J., and T. G. KAVANAGH and LEVIN, JJ., concurred.